IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

JOSEPH E. LEWIS, DPM, PAUL A.
DIABIASE JR., MD, SAMUEL D.
LICATA, MD, PATRICK H.
MACEDONIA, MD, NICHOLAS P.
MASTROS, MD, CHARN NANDRA,
MD, MOHAMMAD P. RAHMAN, MD,
PATRICK G. ROSARIO, MD, RAFAEL
SCHMULEVICH, MD, SATBIR
SINGH, MD, SHALU SINGH, MD,
VINCENT STONEBRAKER, MD,
JEFFREY B. WILPS, DPM,
ABDULLAH KALLA, MD, and
RANJAN BHANDARI, MD,

        Plaintiffs,

v.

CIVIL ACTION NO. 5:19-CV-265
(BAILEY)

**FIRST CHOICE AMERICA
COMMUNITY FEDERAL CREDIT
UNION,** a federally chartered Credit
Union existing under the laws of the
United States of America,

        Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING
## PLAINTIFFS' MOTION TO REMAND

Currently pending before this Court is Plaintiffs' Motion to Remand [Doc. 5], filed September 30, 2019. The motion has been fully briefed and is now ripe for decision. Having reviewed the record and considered the arguments of the parties, this Court concludes that the motion to remand should be granted.

1

## BACKGROUND

This case arises out of a term loan agreement entered into between plaintiffs and defendant in August of 2012. In the Complaint, filed in th Circuit Court of Hancock County, West Virginia, on August 20, 2019, plaintiffs allege that as a result of monies collected by defendant, defendant's retention of a mortgage, and its right to foreclose said mortgage, plaintiffs are no longer indebted to defendant; they seek a declaratory judgment pursuant to W.Va. Code § 55-13-1 declaring the same. [Doc. 1-2 at 10]. On October 10, 2019, defendant filed a notice of removal in this Court. There, defendant argues that federal question jurisdiction exists because federal law preempts plaintiffs' claims. Specifically, defendant argues that plaintiffs are alleging that the loan document is unenforceable, and that because the loan document was "made in compliance with the Federal Credit Union Act and the National Credit Union regulations, and the terms of repayment are dictated by the regulations" that adjudication of plaintiffs' claims will require interpretation of those regulations. [Doc. 1 at 7-8].

On September 30, 2019, plaintiffs filed a motion to remand. In it, plaintiffs raise four arguments against finding federal question jurisdiction. First, plaintiffs argue that no federal question is present on the face of the Complaint. [Doc. 5 at 7]. Instead, they argue that the only federal question raised is in the form of a federal defense asserted by defendant. *Id.* Second, plaintiffs point to a choice-of-law provision in the August 29, 2012 Term Loan Agreement which states that the applicable law for the agreement is the laws of the State of West Virginia. *Id.* at 10. Third, although plaintiffs acknowledge that removal was based on federal question jurisdiction, they argue that no diversity of citizenship exists between the parties. [Doc. 5 at 11]. Finally, plaintiffs argue that defendant should be

2

barred from raising an argument of federal preemption because defendant has filed state court debt collection actions under the same or similar loan agreements. *Id.* at 11-12.

In response, defendant argues that plaintiffs are challenging the enforceability of the loan agreement, that the loan agreement itself is governed by federal law, and that the federal laws and regulations governing the loan agreement preempt state law. [Doc. 7 at 8-9]. In reply, plaintiffs assert that defendant does not address plaintiffs' "well-pleaded complaint" and "choice-of-law" arguments in its response because it cannot rebut them. [Doc. 9 at 5].

Also pending before this Court is defendant First Choice America Community Federal Credit Union's ("First Choice") Motion to Consolidate [Doc. 8]. There, defendant First Choice seeks to consolidate this case with ***First Choice America Community Federal Credit Union v. LTAH Real Estate Holdings, LLC, et al.***, 5:19-cv-209 (N.D. W.Va. filed July 2, 2019), a case in this Court before the Honorable Judge Frederick P. Stamp, Jr. In that case, originally filed in federal court, First Choice seeks declaratory and other relief against defendants who include the plaintiffs in this case in relation to the same term loan agreement that is the subject of this case.

The instant case and 5:19-cv-209 may involve common questions of law or fact which would otherwise make consolidation appropriate. However, this Court must determine whether it has jurisdiction over each case independently. *See **Johnson v. Manhattan Ry. Co.***, 289 U.S. 479, 496-97 (1933) ("consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause."); ***Payne v. Merrill Lynch, Pierce, Fenner and Smith, Inc.***, 75 F. App'x 903 (4th

3

Cir. 2003) (unpublished) (finding that the district court should have determined jurisdiction for purposes of remand separately for two cases which had been consolidated).

## **LEGAL STANDARD**

"We begin with the undergirding principle that federal courts, unlike most state courts, are courts of limited jurisdiction, created by Congress with specified jurisdictional requirements and limitations. Accordingly, a party seeking to adjudicate a matter in federal court must allege and, when challenged, must demonstrate the federal court's jurisdiction over the matter. If a plaintiff files suit in state court and the defendant seeks to adjudicate the matter in federal court through removal, it is the defendant who carries the burden of alleging in his notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter." ***Strawn v. AT&T Mobility***, 530 F.3d 293, 296 (4th Cir. 2008) (citations omitted).

Federal courts "are obliged to construe removal jurisdiction strictly because of the 'significant federalism concerns implicated.' Therefore, 'if federal jurisdiction is doubtful, a remand to state court is necessary.'" ***Maryland Stadium Auth. v. Ellerbe Becket Inc.***, 407 F.3d 255, 260 (4th Cir. 2005) (quoting ***Mulcahey v. Columbia Organic Chems. Co.***, 29 F.3d 148, 151 (4th Cir. 1994)); *see also* ***Healy v. Ratta***, 292 U.S. 263, 270 (1934) ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined.").

Defendants seeking removal bear the burden of demonstrating that jurisdiction is proper. *See* ***Strawn***, 530 F.3d at 296–97. "While a defendant filing a notice of removal

4

under 28 U.S.C. § 1446(a) need only *allege* federal jurisdiction in a short plain statement—just as federal jurisdiction is pleaded in a complaint—when removal is challenged, the removing party bears the burden of *demonstrating* that removal jurisdiction is proper." *Id.* at 297 (citing ***Ellenburg v. Spartan Motors Chassis, Inc.***, 519 F.3d 192, 200 (4th Cir. 2008)); *see also* ***Dart Cherokee Basin Operating Co. v. Owens***, 574 U.S. 81, 88-89 (2014) (when challenged, defendant must show that removal is proper by preponderance of the evidence).

## DISCUSSION

This case was removed to federal court on the basis of federal question jurisdiction. Under the well-pleaded complaint rule, "federal question exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." ***Caterpillar Inc. v. Williams***, 482 U.S. 386, 393 (1987) (citation omitted). Generally, this can occur in one of two ways. First, the case can raise a cause of action created by federal law. ***Gunn v. Minton***, 568 U.S. 251, 257 (2013). Second, and more narrowly, a state-law cause of action can implicate a "significant" federal issue. ***Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.***, 545 U.S. 308, 312 (2005). "Among other prerequisites for 'significance,' the federal issue must have been 'necessarily raised' in the litigation." ***Flying Pits, LLC v. RRAJ Franchising, LLC***, 757 F.3d 177, 182 (4th Cir. 2014) (citing *Grable*, 545 U.S. at 314 and *Gunn*, 568 U.S. at 258).

Here, the cause of action comes from state, rather than federal law; plaintiffs seek a declaratory judgment under W.Va. Code § 55-13-1. Therefore, this Court turns to

5

whether complete preemption exists such that the plainitffs' Complaint raises a "significant" federal issue.

Ordinarily, when a defendant raises preemption as a defense, it does not create federal question jurisdiction. ***Johnson v. American Towers, LLC***, 781 F.3d 693, 702 (4th Cir. 2015). However, an independent corollary exists to the well-pleaded complaint rule in the "complete preemption" doctrine. ***Caterpillar***, 482 U.S. at 393. Under this doctrine, the preemptive force of a statute "is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Id.* (internal quotation marks and citations omitted). The doctrine of complete preemption "concerns itself with the uniquely jurisdictional inquiry into whether a purportedly state-law claim actually arises under federal law so as to create federal jurisdiction over that claim." ***In re Blackwater Security Consulting, LLC***, 460 F.3d 576, 584 (4th Cir. 2006).

Complete preemption is a narrow doctrine. "[T]he Supreme Court has emphasized that for the purposes of complete preemption, the preempting statute must provide 'the *exclusive* cause of action' for claims in the area that the statute preempts." ***Johnson***, 781 F.3d at 702 (citing ***Beneficial Nat'l Bank v. Anderson***, 539 U.S. 1, 9 (2003)). By contrast, under "ordinary" preemption, federal laws provide a substantive defense or a right to adjudication in a federal administrative forum. ***Blackwater***, 460 F.3d at 584; *see also* ***Pinney v. Nokia, Inc.***, 402 F.3d 430, 449 (4th Cir. 2005) ("There is, of course, a difference between the doctrine of complete preemption and the affirmative defense of federal preemption. 'As a defense, [federal preemption] does not appear on the face of a well-

6

pleaded complaint, and, therefore, does not authorize removal to federal court'" quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987)).

Here, defendant's preemption argument is, at best, a variety of "ordinary" preemption. Defendant has not provided, nor has this Court been able to find, any basis to suggest that the doctrine of complete preemption applies to the Federal Credit Union Act or the National Credit Union Regulations. Defendant points to 12 C.F.R. § 701.21(b) to show that federal law expressly preempts plaintiffs' claims. [Doc. 7 at 8]. But even assuming, arguendo, that plaintiffs' claims fit within the scope that § 701.21(b) preempts, "complete preemption and express preemption are different animals." *Johnson*, 781 F.3d at 702. Similarly, defendant cites *Shao v. Link Cargo (Taiwan) Ltd.*, 986 F.2d 700, 704 (4th Cir. 1993), to support the proposition that "[f]ederal law preempts state and common law claims when Congress expressly provides that the federal law supplants state authority in a particular field." [Doc. 7 at 9]. Defendant goes on to claim that "the fact that the Plaintiffs' claims arise from equity or common law has no bearing on the jurisdictional analysis in this case." *Id*. Defendant's reliance on *Shao* in this context is misplaced. The court in *Shao* was not evaluating whether complete preemption existed for purposes of federal question jurisdiction; jurisdiction in that case was based on diversity of citizenship. *Shao*, 986 F.2d at 702.

Accordingly, the preemption argument defendant advances provides only a federal defense and does not create subject-matter jurisdiction. Because this Court lacks subject-matter jurisdiction, it must remand the case to state court.

7

## CONCLUSION

For the aforementioned reasons, Plaintiffs' Motion to Remand **[Doc. 5]** is hereby **GRANTED** and the Court hereby **REMANDS** this case to the Circuit Court of Hancock County, West Virginia. As such, defendant's Motion to Consolidate **[Doc. 8]** is hereby **DENIED AS MOOT**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and to the Clerk of the Circuit Court of Hancock County, West Virginia.

**DATED**: November 5, 2019.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE